UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division
www.flsb.uscourts.gov

In re:

NS FOA LLC,

Case No. 23-11183-MAM
Chapter 11

        Debtor.
_____/

## NOTICE OF FILING OF CORPORATE RESOLUTION

NS FOA LLC hereby files the following document:

- *Corporate Resolution with attached Order Granting Temporary Injunction*

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via CM/ECF Notice on February 14, 2023, on all parties registered to receive electronic notice.

        Wernick Law, PLLC
        *Proposed Attorneys for the Debtor*
        2255 Glades Road, Suite 324A
        Boca Raton, Florida 33431
        (561)961-0922

        By: */s/Aaron A. Wernick*
        Aaron A. Wernick, Esq.
        Florida Bar No.: 14059
        awernick@wernicklaw.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division
www.flsb.uscourts.gov

In Re:                                                    Case No.  23-
                                                          Chapter 11
NS FOA LLC,

    Debtor.
_____/

# CORPORATE RESOLUTION

I, Congwei "Allan" Xu, am the managing member and 64.4% shareholder of NS FOA LLC the ("Corporation").

I certify that on the 10th of February 2023, I conducted a meeting of the Managers, which, due to the below-referenced TRO, is only myself. At that meeting, the decision was made to place the Corporation into Chapter 11 protection under the United States Bankruptcy Code.

On March 6, 2019, the Circuit Court of the Nineteenth Judicial Circuit in and for Indian River County, Florida issued an *Order on Emergency Motion to Modify Temporary Injunction and for Turnover of Personal Property and Plaintiff's Amended Motion for Order to Show Cause and Motion for in Camera Inspection* (the "TRO").  Said TRO indicates Congwei Xu shall be managing member or manager of NS FOA LLC.  As a result, Congwei Xu authorizes himself to execute all documents required by the Corporation to file the Chapter 11 proceeding.

Dated: February 10, 2023

                                 NS FOA LLC

                                 By: /s/ Allan Xu (DocuSigned: AE2D8FF42C3C42E...)
                                       Congwei Xu

## IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
## IN AND FOR INDIAN RIVER COUNTY, FLORIDA

NS FOA LLC, a Florida limited liability company, and CONGWEI XU,

Case No. 31-2019-CA-000008

    Plaintiffs,

v.

YANPING MING a/k/a Helen Ming,

    Defendant.

_____/

## ORDER GRANTING TEMPORARY INJUNCTION

Plaintiffs, NS FOA LLC and CONGWEI XU, in the above-entitled cause, have applied for issuance of a temporary injunction. Their application is supported by Plaintiffs' verified complaint and the certification by Plaintiffs' attorney filed in this action.

After consideration of the verified complaint without taking any other evidence, the Court concludes that Plaintiffs' verified complaint has shown the likelihood of irreparable harm to Plaintiffs, the unavailability of an adequate remedy at law to them and to members of the public, a substantial likelihood of success on the merits and that considerations of public policy support the entry of the requested temporary injunction. It clearly appears to the Court from the facts verified in the complaint that immediate and irreparable injury, loss, or damage will result to Plaintiffs, NS FOA LLC and CONGWEI XU, and to the public before Defendant, YANPING MING a/k/a Helen Ming, can be heard in opposition. This conclusion is based on the following facts established in the verified complaint:

1. Plaintiff, CONGWEI XU, has a majority ownership interest in NS FOA LLC and the management responsibility for it. Consequently, Plaintiff, CONGWEI XU, as the member with a majority interest in Plaintiff, NS FOA LLC, has the right to determine who shall act as its manager and has determined that he is the sole manager of NS FOA LLC. Defendant, YANPING MING, is required to keep safe and turn over to Plaintiffs, CONGWEI XU and NS FOA LLC, all assets of NS FOA LLC and all records of NS FOA LLC concerning the company's activities, affairs, financial condition, and other circumstances

2. Defendant, YANPING MING a/k/a Helen Ming,

    a. without the approval of any other member of Plaintiff, NS FOA LLC, including Plaintiff, CONGWEI XU, the majority member, has taken numerous actions which dissipated the assets of Plaintiff, NS FOA LLC, and is expected to further dissipate those assets to the point where Plaintiff, NS FOA LLC, may have to file bankruptcy and Plaintiff, CONGWEI XU, may not be able to meet the requirements of the EB-5 visa program administered by the United States Citizenship and Immigration Services ("USCIS ") which was created by the United States Congress in 1990 to stimulate the United States economy through job creation and capital investment by foreign investors in order for them to become and remain a permanent resident in the United States;

    b. has stated that she would never allow anyone else to be manager of Plaintiff, NS FOA LLC, and implied that she would destroy Plaintiff, NS FOA LLC, rather than allow someone else to manage it;

    c. has been removed as the manager of Plaintiff, NS FOA LLC, by the vote of Plaintiff, CONGWEI XU, who holds a majority interest in Plaintiff, NS FOA LLC;

        d.    is named as manager of Plaintiff, NS FOA LLC, with the Florida Secretary of State; on information available to the Plaintiffs, Plaintiffs believe that she is also identified as manager or other authorized individual on one or more Plaintiff, NS FOA LLC, bank accounts, on one or more Plaintiff, NS FOA LLC, credit cards, and on numerous Plaintiff, NS FOA LLC, contracts, and is believed by many employees, vendors, customers of and third parties to Plaintiff, NS FOA LLC, to be the manager of Plaintiff, NS FOA LLC, despite the determination of Plaintiff, CONGWEI XU, the majority owner in Plaintiff, NS FOA LLC, to remove her as its manager and managing member. Such identification provides Defendant, YANPING MING a/k/a Helen Ming, with opportunity to continue to injure the Plaintiffs through mismanagement and to attempt to destroy and/or pilfer Plaintiff, NS FOA LLC, now that she is no longer manager.

        2.    Pursuant to the requirements of Chapter 605 of the Florida Statutes, Plaintiff, CONGWEI XU, has the full right to manage the business and affairs of Plaintiff, NS FOA LLC, and immediate and irreparable injury, loss, and damage will result to Plaintiffs, CONGWEI XU and NS FOA LLC, before Defendant, YANPING MING a/k/a Helen Ming, can be heard in opposition. Irreparable injury will also occur if injunctive relief is not granted in that the failure of Defendant, YANPING MING a/k/a Helen Ming, to properly manage the business of Plaintiff, NS FOA LLC, can adversely affect the rights of third party creditors and the immigration visa rights of Plaintiff, CONGWEI XU, for which there is no adequate remedy at law.

        3.    The verified complaint shows that Plaintiffs, CONGWEI XU and NS FOA LLC, will continue to suffer irreparable harm, their remedy at law is inadequate and the public interest will be adversely affected because Defendant, YANPING MING a/k/a Helen Ming,

without the approval of any other member, including Plaintiff, CONGWEI XU, the majority member, has taken numerous actions which dissipated the assets of Plaintiff, NS FOA LLC, and is expected to further dissipate the assets of the Plaintiff, NS FOA LLC, to the point where Plaintiff, NS FOA LLC, may have to file bankruptcy, leaving its creditors without an adequate remedy to be made whole, and Plaintiff, CONGWEI XU, may not be able to meet the USCIS's requirements to remain a permanent resident in the United States.

    4.    Granting a temporary injunction to Plaintiffs, CONGWEI XU and NS FOA LLC, is in the public interest because the public has a right to rely on the creditworthiness of business entities, such as Plaintiff, NS FOA LLC, when trading with such entities and a right to be assured that foreign individuals, such as Plaintiff, CONGWEI XU, who seek to meet the USCIS's requirements to remain a permanent resident in the United States are able to do so.

As a consequence, IT IS ORDERED that from the date of entry of this order until further order of this court, Defendant, YANPING MING a/k/a Helen Ming, and her officers, agents, servants, employees, attorneys, and all persons in active concert or participation with her, are prohibited from acting on behalf of Plaintiff, NS FOA LLC, and are not to control the business and assets of Plaintiff, NS FOA LLC, including but not limited to its bank accounts and its records, which are to be controlled by plaintiff, CONGWEI XU, and to cease further activity on behalf of Plaintiff, NS FOA LLC.

IT IS FURTHER ORDERED, upon consideration of the foreseeable damages and costs to Defendant, YANPING MING a/k/a Helen Ming, and upon consideration of factors other than the anticipated damages and costs, including

    a.    the minimal chance of Defendant, YANPING MING a/k/a Helen Ming, of overturning this temporary injunction,

  b.  the Plaintiffs' likelihood of success in this case,

  c.  the refusal of Defendant, YANPING MING a/k/a Helen Ming, to provide Plaintiff, CONGWEI XU, with documentation required by Chapter 605 of the Florida Statutes respecting the financial condition of Plaintiff, NS FOA LLC,

  d.  the liability of Plaintiff, CONGWEI XU, to Defendant, YANPING MING a/k/a Helen Ming, and the other investors in Plaintiff, NS FOA LLC, for damages which they can seek under the law if Plaintiff, CONGWEI XU, mismanages the Plaintiff, NS FOA LLC, as its managing member, and

  e.  the ongoing damage which Defendant, YANPING MING a/k/a Helen Ming, is causing,

that Plaintiffs, CONGWEI XU and/or NS FOA LLC, execute and file with the clerk of this court a bond in the amount of $100,000.00 conditioned for the payment of costs and damages sustained by Defendant, YANPING MING a/k/a Helen Ming, if she is wrongfully enjoined.

  IT IS FURTHER ORDERED that this order shall not be effective unless and until that bond is filed with the Clerk of this Court; the Clerk of this Court shall, on the filing by Plaintiffs, CONGWEI XU and/or NS FOA LLC, of the bond required by this order, certify a copy of this order, at which time this order shall be effective as a temporary injunction, and deliver such certified copy to counsel for Plaintiffs, CONGWEI XU and/or NS FOA LLC, to be served on Defendant, YANPING MING a/k/a Helen Ming, together with the Verified Complaint in this cause.

  DONE and ORDERED on \_\_\_\_\_1:49 pm, Jan 28 2019\_\_\_\_\_, 2019.

                  _____
                  Janet C. Croom
                  Circuit Judge