

**ORDERED in the Southern District of Florida on September 6, 2024.**

**Erik P. Kimball**
**Chief United States Bankruptcy Judge**

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

**In re:**                                                          CASE NO. 23-11183-EPK
                                                                    CHAPTER 11
**NS FOA LLC,**

      **Debtor.**
_____/

### ORDER DENYING MOTION FOR CONTINUANCE OR STAY

**THIS MATTER** came before the Court for hearing on September 6, 2024 upon *Congwei "Allan" Xu's Motion for Continuance of September 11, 2024 Hearing on Fellsmere Joint Venture LLC's Motion to Dismiss NS FOA LLC's Bankruptcy Case and/or For Stay of Proceedings in Chapter 11 Case Pending Outcome of Appeal*. ECF No. 396 (the "Motion to Stay"). The movant failed to appear at the hearing. This alone supports denying the Motion to Stay. However, the Court finds it appropriate to also rule on the merits.

Although not entirely clear in the Motion to Stay, Congwei "Allan" Xu asks the Court to continue a hearing set on a motion to dismiss this chapter 11 case or, in the alternative, to stay all proceedings in this chapter 11 case, in each instance pending resolution of Mr. Xu's appeal from two orders entered by this Court. For the reasons set out more fully below, the Motion to Stay will be denied.

**Relevant Background**

This bankruptcy case has been pending since February 14, 2023, when the debtor NS FOA, LLC filed with this Court a voluntary petition under subchapter V of chapter 11. The debtor is a Florida limited liability company that operates a shrimp farm on leased property.

The following month, Yanping Ming filed a proof of interest stating that she is the owner of 50% of the membership interest in the debtor. ECF No. 46. More than a year after that, the debtor objected to Ms. Ming's proof of interest. ECF No. 295. After a preliminary hearing, the Court set the debtor's objection to Ms. Ming's proof of interest for evidentiary hearing on June 27, 2024. ECF No. 309. Prior to the evidentiary hearing, Mr. Xu joined in the debtor's objection. ECF No. 318. At the evidentiary hearing, the debtor did not participate. Mr. Xu, through counsel, took the lead in presentation of evidence. Ms. Ming acted *pro se*. The parties offered and the Court admitted documentary evidence. Both Ms. Ming and Mr. Xu testified. ECF No. 345 (transcript of evidentiary hearing).

At the close of the June 27, 2024 evidentiary hearing, the Court made findings of fact and conclusions of law on the record. Among other things, the Court found most of the documentary evidence unhelpful. The Court found Ms. Ming's testimony credible in its entirety. The Court found Mr. Xu lacked credibility on all material issues other than his admission that he and Ms. Ming never discussed allocation of ownership in the debtor based on their capital contributions. ECF No. 345 (page 74, lines 20-23). Mr. Xu's testimony on this point directly contradicted his principal argument that he is the majority owner of the debtor based on his and Ms. Ming's relative capital contributions. Based primarily on testimony of Ms. Ming and Mr. Xu, the Court overruled the objection to Ms. Ming's proof of interest and allowed her proof of interest at 50% of the membership interest in the debtor. In doing so, the Court found that Mr. Xu holds 49% of the membership interest in the debtor and other parties, not identified, hold the remaining 1%. After the evidentiary hearing, the

Court entered an order incorporating its oral ruling and adding additional findings [ECF No. 338] (the "Proof of Interest Order").

Mr. Xu sought reconsideration of the Proof of Interest Order under Civil Rules 59 and 60, made applicable here by Bankruptcy Rules 9023 and 9024.[1] ECF No. 341. Mr. Xu claimed that after the evidentiary hearing he located what he referred to as new material evidence. With his motion for reconsideration, Mr. Xu filed copies of his proposed additional evidence along with his own declaration. Mr. Xu asked the Court for a new evidentiary hearing on the objection to Ms. Ming's proof of interest so he could present the additional documentary evidence.

The Court held a hearing on Mr. Xu's motion for reconsideration on July 30, 2024. Ms. Ming attended and explained that Mr. Xu's proposed additional documentary evidence, even if considered by the Court, would not change the Court's original ruling. The Court denied Mr. Xu's motion for reconsideration. The Court ruled, among other things, that the proposed additional documentary evidence was not "newly discovered evidence" under the well-worn standards applicable to motions under Civil Rules 59 or 60. By Mr. Xu's own admission, and as was apparent from Mr. Xu's ease in filing the documents only seven days after the evidentiary hearing, the documents were available to him with reasonable diligence prior to the evidentiary hearing. The Court entered an order denying Mr. Xu's motion for reconsideration incorporating its oral ruling on the record. ECF No. 358 ("Reconsideration Order").

Wernick Law, PLLC, attorney for the debtor, filed a *Motion to Clarify Order Denying Motion for Reconsideration* [ECF No. 360]. After entry of the Proof of Interest Order and the Reconsideration Order, Ms. Ming and Mr. Xu disputed who was in control of the debtor and

---

[1] In this order, the term "Bankruptcy Rule" refers to the applicable Federal Rule of Bankruptcy Procedure, and the term "Civil Rule" refers to the applicable Federal Rule of Civil Procedure.

could direct counsel for the debtor in this bankruptcy case. Counsel for the debtor sought guidance from the Court regarding the debtor's corporate governance. After a hearing, the Court ruled that the debtor is a member-managed Florida limited liability company and has no operating agreement. Because Ms. Ming holds 50% of the debtor's membership interest, neither Ms. Ming nor Mr. Xu holds a "majority-in-interest" of the membership interest in the debtor and so neither of them, alone, controls management of the debtor. ECF No. 376. It appears that Mr. Xu and Ms. Ming remain unwilling or unable to manage the debtor together.

On August 13, 2024, Mr. Xu appealed both the Proof of Interest Order and the Reconsideration Order. ECF No. 365.

The debtor operates its shrimp farm on a 120-acre agricultural parcel leased from Fellsmere Joint Venture, LLC. The debtor is involved in substantial litigation with Fellsmere in this bankruptcy case. Among other pending requests for relief, Fellsmere filed a motion for relief from stay, seeking authority to move forward with eviction of the debtor, which the Court set for a two-day evidentiary hearing in November. ECF No. 49. Fellsmere argues that the debtor breached its lease, before and during this bankruptcy case, including by discharging substantial amounts of saltwater in violation of Florida and local environmental laws. Fellsmere argues that the debtor's actions expose Fellsmere to government action by various state agencies. Fellsmere separately accused the debtor of spoliation of evidence, providing what it alleges to be photographic evidence that the debtor caused salt-stained soil to be removed from areas affected by saltwater release. ECF No. 330. The spoliation motion is set for hearing on October 8, 2024.

On August 19, 2024, Fellsmere filed a motion to dismiss this bankruptcy case arguing that the debtor's original bankruptcy petition was not validly filed as it was authorized and signed only by Mr. Xu and Mr. Xu lacked corporate authority under Florida law. ECF No. 385. The Court set Fellsmere's motion to dismiss this bankruptcy case for hearing on September 25, 2024. ECF 405.

**Relief Requested, Applicable Law, and Analysis**

In the opening paragraph and at the end of the Motion to Stay, Mr. Xu asks for two forms of relief: an order continuing the preliminary hearing on Fellsmere's motion to dismiss this case and/or an order staying all proceedings in this chapter 11 case, in each instance pending the outcome of Mr. Xu's appeals. However, in the body of the Motion to Stay, based on Mr. Xu's legal arguments, it appears that Mr. Xu seeks a stay pending appeal pursuant to Bankruptcy Rule 8007(a) and/or suspension of all proceedings in this bankruptcy case under 11 U.S.C. § 305(a). Because Bankruptcy Rule 8007(a) and Bankruptcy Code section 305(a) are the only legal bases cited by Mr. Xu in support of the Motion to Stay, the Court will consider his requests for relief in the context of these provisions.

Mr. Xu states that his appeal of the Proof of Interest Order and the Reconsideration Order "is essentially asking for a determination that he is Debtor's majority controlling member, which determination would give him authority to manage Debtor." He argues that "[s]ince the outcome of Xu's pending appeal could change the Debtor's membership structure and establish Xu as majority member and manager, Xu believes that good cause exists for the requested relief as his appeal, if successful, may moot the Motion to Dismiss."[2]

Mr. Xu seeks a stay pending appeal pursuant to Bankruptcy Rule 8007(a). Unless stayed, orders and judgments entered by this Court are immediately enforceable upon entry. Even if an appeal is filed, absent a stay the prevailing party or parties may treat the order or judgment as final. Under the Bankruptcy Rules, certain orders and judgments are automatically stayed for a specified period. Execution on judgments is stayed for 14 days under Bankruptcy Rule 7062, and certain other orders are stayed for 14 days under

---

[2] Mr. Xu overstates the impact of his appeal. In the unlikely event he is successful, the best Mr. Xu could hope for is an order remanding the matter to this Court for consideration of his alleged "newly discovered evidence," which does not appear likely to change the Court's original ruling.

Bankruptcy Rules 3020, 4001, 6004, and 6006.  In each such case, the period of stay may be reduced or eliminated by the Court, either under the specific rule providing for the stay or under Bankruptcy Rule 9006(c).  If there is no such automatic period of stay applicable to an order or judgment, or if such period has been eliminated or has expired, the non-prevailing party or parties must seek a stay in order to stop enforcement of, or action consistent with, the order or judgment.

The Bankruptcy Rules provide no automatic stay of either the Proof of Interest Order or the Reconsideration Order.  They became effective immediately upon entry.

Bankruptcy Rule 7062, incorporating Civil Rule 62, is not applicable to the orders under appeal.  When applicable, a party seeking a stay of judgment under Bankruptcy Rule 7062, incorporating Civil Rule 62, may obtain a stay upon posting of a bond or other security in an amount, and with conditions, satisfactory to the Court.  In other words, in most cases where Bankruptcy Rule 7062 applies the appealing party has a right to entry of a stay upon posting the bond required by the Court.

In this matter, Bankruptcy Rule 8007 alone governs the potential issuance of a stay pending appeal.  Unlike Bankruptcy Rule 7062 and Civil Rule 62, Bankruptcy Rule 8007 does not provide for the granting of a stay as of right upon the filing of a sufficient supersedeas bond.  Collier on Bankruptcy ¶ 8007.06 (Richard Levin & Henry J. Sommer eds., 16th ed.).  The determination of whether to grant a stay pending appeal is left to the discretion of this Court.  If a stay pending appeal is warranted, the Court may condition the stay on the posting of "a bond or other security."  Fed. R. Bankr. P. 8007(a)(1)(B).  The bond or security is intended to protect the opposing party or parties, which may include the bankruptcy estate generally, against loss that may be sustained as a result of a failed appeal.  Because there is

no stay pending appeal as of right under Bankruptcy Rule 8007, the Court must first determine whether a stay is warranted and, if so, determine whether a bond or other security will be required as a condition of the stay.

Ordinarily, the appellant must first seek a stay from this Court and, if unsatisfied, may seek relief from the District Court in which its appeal is lodged. Fed. R. Bankr. P. 8007. "Failure to first seek a stay or other relief in the bankruptcy court will ordinarily deprive the district court or appellate panel (or the court of appeals in the case of a direct appeal) of jurisdiction over a motion seeking a stay." Collier on Bankruptcy ¶ 8007.05 (citations omitted); *Rodriguez v. ALS Commer. Funding, LLC*, No. 19-20452, 2019 U.S. Dist. LEXIS 29651 (S.D. Fla. Feb. 21, 2019); *In re Rivera*, No. 15-04402, 2015 U.S. Dist. LEXIS 151860 (N.D. Cal. Nov. 9, 2015).

"A stay pending appeal is an 'extraordinary remedy' and the party seeking it must show: '(1) a substantial likelihood that they will prevail on the merits of the appeal; (2) a substantial risk of irreparable injury to the[m] unless the [stay] is granted; (3) no substantial harm to other interested persons; and (4) no harm to the public interest.'" *Woide v. Fannie Mae (In re Woide)*, 730 F. App'x 731, 737 (11th Cir. 2018) (quoting *Touchston v. McDermott*, 234 F.3d 1130, 1132 (11th Cir. 2000) and citing *In re Revel AC, Inc.*, 802 F.3d 558, 568 (3d Cir. 2015).

The first and most important factor for consideration is whether Mr. Xu has a substantial likelihood of success in his appeal. Mr. Xu has little or no chance of success on his appeals from the Proof of Interest Order or the Reconsideration Order.

After the evidentiary hearing on June 27, 2024, the Court made findings of fact and conclusions of law on the record, which were incorporated into the Proof of Interest Order.

Because there was limited documentary evidence and the Court did not find it helpful in light of the parties' testimony, the Court's ruling was based primarily on the testimony of Mr. Xu and Ms. Ming. Importantly, the Court found Ms. Ming consistently credible, but found Mr. Xu's testimony lacked credibility on all but one material issue. The Court found credible Mr. Xu's admission that he and Ms. Ming never discussed allocation of their membership interests consistent with their capital contributions. Mr. Xu's testimony on this point was directly contrary to his primary argument – that he holds a majority of the membership interest in the debtor based on his and Ms. Ming's relative capital contributions. It is extremely unusual for an appeals court to overturn a ruling based primarily on the credibility of witnesses. Having no opportunity to view the testimony, an appeals court is unlikely to substitute its judgment for that of the trial judge who viewed the testimony live. *See Kane v. Stewart Tilghman Fox & Bianchi PA (In re Kane)*, 755 F.3d 1285, 1288 (11th Cir. 2014). The Court's remaining findings were consistent with the evidence and the law relied on was unremarkable and was not in dispute.

Likewise, Mr. Xu has no or almost no likelihood of success on the appeal from the Reconsideration Order. Mr. Xu misunderstands the "newly discovered evidence" standard under Civil Rules 59 and 60. In light of Mr. Xu's own declaration filed with his motion for reconsideration, with reasonable diligence Mr. Xu had continuous access to the documents he asked the Court to consider at a new evidentiary hearing. Indeed, he located the proposed additional evidence and presented it to the Court only seven days after the evidentiary hearing. An unsuccessful litigant is not permitted to seek a new trial merely because he later feels he should have presented different or additional evidence that was always available to him with reasonable diligence. Nor was the Court swayed by Mr. Xu's statement that at a

new evidentiary hearing he would testify in Chinese through a translator. Having witnessed Mr. Xu's testimony at the original evidentiary hearing, the Court discerned no inability by Mr. Xu to understand and respond to questioning. The Court's ruling on this issue in the Reconsideration Order has little chance of being overturned, again because an appeals court is unlikely to question the Court's conclusion based on viewing Mr. Xu's testimony in person.

Mr. Xu argues he will suffer irreparable harm if his Motion for Stay is not granted. He argues that absent his requested relief the Court "may" grant Fellsmere's motion to dismiss this bankruptcy case which will "likely be fatal to Debtor's continuing business operations." There are several problems with this argument. First, Mr. Xu assumes that Fellsmere's motion to dismiss will be granted and also that dismissal of this bankruptcy case may be fatal to the debtor's business. To be considered irreparable, the alleged harm must follow with reasonable certainty from the Court's ruling. But the entry of the Proof of Interest Order does not necessarily require the Court to grant Fellsmere's motion to dismiss. Nor is it clear that dismissal of this bankruptcy case will be the death knell for the debtor. Second, even if Mr. Xu were correct about the impact of the Court not granting his requested stay, it is unclear how Mr. Xu *personally* is harmed by this result. Mr. Xu presents no evidence on how the failure to grant his Motion to Stay would impact him as opposed to the debtor. Finally, there is no reason Mr. Xu cannot work with Ms. Ming to guide the debtor in this bankruptcy case. That he has been unwilling or unable to do so for his own reasons does not support a finding of irreparable harm. Furthermore, there is no reason that Mr. Xu, individually, cannot oppose the motion to dismiss. As this Court found in the Proof of Interest Order, Mr. Xu is an equity interest holder of the debtor and interested party in the case, and thus has standing to oppose Fellsmere's motion to dismiss.

Mr. Xu argues that "Ms. Ming will not be damaged by the temporary stay pending appeal" without further edification. If the Motion to Stay is granted, Ms. Ming will have no opportunity to participate in management of the debtor at this important juncture. Even so, Ms. Ming is not the only party in interest who will be negatively impacted if the Court grants the Motion to Stay. The debtor operates on a 120-acre agricultural parcel leased from Fellsmere. Fellsmere argues that the debtor is discharging significant amounts of saltwater in violation of Florida and local environmental laws and has hidden this fact by removing salt-stained soil from the areas affected by saltwater release. If this case is due to be dismissed for whatever reason, it is harmful to all creditors subject to the automatic stay to wait indefinitely while Mr. Xu pursues a likely ill-fated appeal.

Mr. Xu argues that "the public interest will be served by a determination of the proper equity ownership of a chapter 11 debtor." After a duly held evidentiary hearing, based on uncontested law and detailed findings of fact, the Court already ruled on this question in a final order. The public interest does not support suspending any activity in this case while Mr. Xu prosecutes an apparently doomed appeal. If this argument had merit, any order or judgment material to a reorganization case would merit a stay pending appeal.

Mr. Xu has not satisfied any component of the standard for a stay pending appeal under Bankruptcy Rule 8007.

"The court, after notice and a hearing, . . . may suspend all proceedings in a case under this title, at any time if – the interests of creditors and the debtor would be better served by such dismissal or suspension." 11 U.S.C. § 305(a)(1). Mr. Xu does not make a specific argument under section 305(a) separate from his presentation under Bankruptcy Rule 8007. Mr. Xu asks the Court to freeze all activity in this chapter 11 case for however long it takes to litigate his appeal, potentially beyond the District Court. Even if the matter proceeds to

appeal only so far as the District Court, based on recent appeals in this district activity in this case could be suspended well into 2025.  In the meantime, the automatic stay prevents creditors from protecting their interests.  The debtor filed this case under subchapter V of chapter 11.  Subchapter V cases are intended to move swiftly to confirmation.  Particularly in light of the weakness of Mr. Xu's appeal, it is contrary to the purposes of subchapter V to suspend all activity in this bankruptcy case for an indeterminate time.  Suspension of activity in this bankruptcy case is not in the best interests of creditors or the debtor as fiduciary.  Mr. Xu has not satisfied the standard for relief under 11 U.S.C. § 305(a).[3]

Finally, Mr. Xu failed to appear at the hearing on the Motion to Stay.  This alone is sufficient to support denial of the relief requested.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that the Motion to Stay [ECF No. 396] is DENIED.  The Clerk shall transmit a copy of this Order to the District Court for inclusion in the docket of the pending appeal.

###

Copies furnished to:
Nathan G. Mancuso, Esq.

*Nathan G. Mancuso, Esq. is directed to serve a copy of this order on all appropriate parties and file a certificate of service.*

---

[3] It is possible Mr. Xu relies on section 305(a) solely in support of a request to continue the hearing on Fellsmere's motion to dismiss.  That provision, however, applies only to suspension of "all proceedings in a case under" title 11, not to requests to delay or continue consideration of a single request for relief.